J. M. MAYS, Administrator, *v.* JESSE G. FRAZER and W..
N. COWDEN.

October Term, 1877.

GARNISHMENT BILL — FEES OF A FORMER CLERK IN THE HANDS OF THE PRES-
ENT CLERK.— A judgment-creditor may, upon the return of an execution
nothing found, file a bill in chancery to reach, for the satisfaction of his·

judgment, money in the hands of the present clerk of the Supreme Court, collected for the judgment-debtor, being fees due to him for services as former clerk of the Supreme Court.

*Helms*, for complainant.

*McClain*, for defendants.

THE CHANCELLOR: — The complainant, as a judgment creditor of the defendant Frazer, with a return of execution nothing found, files this bill to reach, for the satisfaction of his judgment, money in the hands of Cowden belonging to said Frazer. The bill shows that Frazer was formerly, but is not now, clerk of the Supreme Court at Nashville ; that Cowden is the present clerk of the Supreme Court, and has the money in controversy in his hands, " the same being fees collected by said Cowden for the said Frazer." To this bill the said Frazer demurs, assigning for cause of demurrer that the money charged to be in the hands of his co-defendant is, as shown by the bill, " in the custody and under the control of the Supreme Court of Tennessee."

That a clerk of court who receives money by virtue of his office, and holds it subject to the order of the court, is not liable to garnishment process or suit for the purpose of reaching such funds, is well settled. *Drane* v. *McGavock*, 7 Humph. 132. The bill in this case, however, does not state as a fact that the money sought to be reached is in the custody and under the control of the Supreme Court, nor that the defendant holds the same by virtue of his office. The demurrer is, therefore, a speaking demurrer, unless from the facts already stated the court can judicially know, or fairly infer, that the funds are so held. The mere fact that Cowden is a clerk of the court is not sufficient. For, although a clerk, the money may not be held by him by virtue of his office, nor subject to the orders of the court. A sheriff is not liable to garnishment proceedings for moneys held by him by virtue of his office, and yet the

surplus funds which come to his hands under an execution-sale, and which he is required by law to pay to the defendant in the execution, may be attached. *Hickman* v. *Matlock*, 1 Tenn. 252; *Tucker* v. *Atkinson*, 1 Humph. 300. Nor is the money in this case brought within the rule by the fact that it has been derived from fees due to Frazer as the former clerk. For such fees are not exempt from process of garnishment, even when collected by a sheriff, if he hold them as a private individual. *Hearn* v. *Crutcher*, 4 Yerg. 461. If, then, the mere fact that the fund consists of fees due the debtor as a former clerk, and the further fact that the fund is in the hands of a clerk in office, will not necessarily exempt it from garnishment, there is nothing in the present bill to bring the money sought to be reached within the rule relied upon in the demurrer. It may be that the money is held by the defendant by virtue of his office, and subject to the orders of the court, but the bill does not directly aver the fact, nor state such a case as fairly implies the fact. On the contrary, the natural inference from the facts stated is, that Cowden, although clerk, has received and now holds these fees as the agent of Frazer, and, consequently, as a private individual, not subject in any way to the control of the court.

The demurrer must be overruled.